IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE STUBBS, #324-989     *

Petitioner     *

v     *     Civil Action No. WDQ-10-2089

USA     *

Respondent     *

***

## MEMORANDUM

Andre Stubbs ("Stubbs") sued the United States under 28 U.S.C. § 2241 (ECF No. 1). For the following reasons, Respondent's motion for summary judgment will be granted.[1]

### I. BACKGROUND

#### A. Petitioner's Claims

Stubbs, who is incarcerated at Western Correctional Institution, a State prison, was sentenced in this court to 188 months for bank robbery. *See* Criminal Action No. WDQ-03-350 (D. Md.). He challenges the manner in which the Federal Bureau of Prisons (BOP) has calculated his federal sentence. As relief, he asks: 1) the BOP to designate state prison as his place of confinement; 2) for credit against his federal sentence for time spent in state custody; 3) for "concurrency where federal sentence was imposed before state sentence and the state sentencing court intended his sentence to be served concurrent to his federal sentence"; and 4) to be "returned" to federal custody to serve his federal sentence. Pet. and Pet Ex. A-3

---

[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Stubbs was provided notice of his opportunity to file a response, but has not done so.

Respondent, through counsel, asserts that the BOP has correctly calculated Stubbs' sentence and has already designated the Maryland Division of Correction (DOC) as the official detention facility, Respondent seeks denial of the writ.

**B. Facts**

The undisputed chronology of the events is as follows:

**May 19, 2002.** Stubbs was arrested by Anne Arundel County Police on state charges for second-degree assault. Case No. 5A00121546. This placed Stubbs in exclusive state jurisdiction. *See* ECF No. 10, Davis Decl.

**July 31, 2003.** The U.S. Marshal for the District of Maryland placed a detainer on Stubbs for pending Criminal Case WDQ-03-350. *See id.*

**September 5, 2003.** Stubbs was sentenced to two years imprisonment, with one year and four months suspended in Case No. 5A00121546. *See id.*

**October 8, 2003.** Stubbs was borrowed pursuant to a writ of habeas corpus *ad prosequendum* to appear in federal court in Criminal Action No. WDQ-03-350. On January 5, 2004, Stubbs was sentenced to 188 months incarceration for bank robbery, with his federal sentence to be served concurrently with the state sentence imposed in Case No. 5A00121546. The federal sentence began to run on January 5, 2004, the date of imposition. At sentencing, Stubbs remained in primary custody of the State of Maryland. *See id.*

**January 8, 2004.** The U.S. Marshal continued the federal detainer in Criminal Case No. WDQ-03-350, lodged on July 31, 2003 with Anne Arundel County Detention Center. *See id.*

**January 9, 2004.** Stubbs was returned to the State of Maryland in satisfaction of the writ. On the same day, Stubbs was released for time served from his state sentence in Case No. 5A00121546, but remained in the Baltimore City Detention Center from January 9, 2004 until January 5, 2005, pending additional state charges. *See id.*

**January 4, 2005.** Stubbs received two additional concurrent sentences. Stubbs was sentenced in the Circuit Court of Baltimore City to ten years incarceration in Case No. 104121005 and twelve years incarceration in Case No. 204058006, with the sentences to run concurrently. The ten-year sentence was ordered to run consecutive to the 188-month federal sentence. *See id.*

**January 6, 2005.** Stubbs was transferred to the Maryland DOC. *See id.*

**April 6, 2005.** Stubbs was sentenced to fifteen years imprisonment in Case No. 0004CR4468, to run concurrently to Case Nos. 104121005 and 204058006. The fifteen-year term commenced on November 3, 2004, and Stubbs was credited for 154 presentence credit days on this sentence. *See id.*

**May 29, 2009.** Stubbs was designated to serve his federal sentence with the Maryland DOC in order to run his federal sentence concurrently with his state sentence, with a commencement date of January 5, 2004. *See id*, *see also* Resp. Att. 8.

Stubbs was awarded eighty-five days jail credit toward his federal sentence for the period of June 12, 2003, through September 4, 2003, during which time he was incarcerated and neither his federal nor state sentences had started to run.[2] Resp. Att. 12. His projected release date for his federal sentence is June 4, 2017 with good conduct time. *See id*; *see also* Resp. Att. 12.

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Supreme Court has explained that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club*,

---

[2] Prior custody credits are given for time spent in non-federal custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, whether it is federal or non-federal. *See Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971).

3

*Inc.*, 346 F.3d 514, 522 (4th Cir.2003) (quoting Fed.R.Civ.P. 56(e)). The court must "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Medical Center., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

### III. DISCUSSION

Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). A federal sentence to a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit is governed by 18 U.S.C. § 3585(b) which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

The BOP determines when a defendant's sentence starts and whether credit is awarded for any time spent in custody. *See United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2nd Cir. 1998); *see also* 18 U.S.C. § 3585(a). "A sentence cannot commence prior to the date it is

pronounced even if it is to be concurrent to a sentence already being served." *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972 1972); *see also United States v. McLean*, 867 F.2d 609 (4th Cir. 1989) (unpublished) (stating "[a] federal sentence cannot commence prior to the date it is pronounced'). "The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) (stating "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.")

Double-counting or awarding an inmate credit on a federal sentence period that has already been credited against his state sentence is precluded by statute. *See* 18 U.S.C. § 3585(b)(2); *see also Wilson*, 503 U.S. at 337 (stating "Congress made clear that a defendant could not receive double credit for his detention time."); *U.S. v Brown*, 977 F.2d 574 (4th Cir. 1992) (holding that a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.).

Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied. *See United States. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)). When a state exercises primary jurisdiction over a defendant, a detainer or

a writ of habeas corpus *ad prosequendum* subsequently issued by federal authorities does not change the defendant's primary jurisdiction status. *See Thomas v. Whalen*, 962 F.2d 358, 358-60 (4th Cir. 1992). The writ of habeas corpus *ad prosequendum* specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and return the defendant to state custody to complete his state sentence. *Id.* at 358 n. 3.

### A. Stubbs' Claims are Moot

Stubbs wants the BOP to designate him to serve his federal sentence in state prison. The BOP has already designated the Maryland DOC as his official detention facility and this claim is moot. Further, at no time since obtaining primary jurisdiction over Stubbs has the State of Maryland relinquished primary custody.[3] Since Stubbs has remained at all times in the primary jurisdiction of the State of Maryland, his claim to be returned to federal custody to serve his federal sentence is also moot. As noted above, he is serving his federal sentence while designated to the Maryland DOC.

### B. Stubbs is Properly Credited Toward his Federal Sentence

Stubbs also claims that he is entitled to credit against his federal sentence for time spent in state custody and wants "concurrency" with his federal and state sentences. Stubbs has been awarded eighty-five days prior jail credit toward his federal sentence as well as credit from January 5, 2004 (date federal sentence was imposed) to the present.

Stubbs is not entitled to begin his federal sentence on the date of September 5, 2003 (when he was sentenced in Case No. 5A00121546) or receive jail credit for the time period

---

[3] Stubbs federal sentence is running. If Stubbs wants to raise claims regarding the running or "concurrency" of his state sentence(s), he must first present his claims to state authorities. After exhausting available state remedies, he may then file a separate action for federal habeas corpus relief.

between September 5, 2003 and January 4, 2004, the time between imposition of his state sentence and the day before his federal sentence was imposed. Nor is Stubbs entitled to jail credit toward his federal sentence for the time he was "borrowed' on the federal writ from the State of Maryland because that time was credited to the state sentence imposed on September 5, 2003. *See* Davis Decl. Attachment 6. Accordingly, Stubbs' federal sentence has been properly computed and he is not entitled to relief under § 2241.

## IV. CONCLUSION

For these reasons, the court will deny and dismiss the petition for habeas corpus relief. There are no grounds for issuance of a certificate of appealability.[4] A separate Order follows.

8/31/11
Date

William D. Quarles, Jr.
United States District Judge

---

[4] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. §2253(c)(2).